FILED
2023 Mar-15 PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILEK ABRAHAM BEY EMPEROR ASHER,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| | } Case No.: 2:23-cv-00273-RDP |
| v. | }<br>} |
| **BIRMINGHAM POLICE DEPARTMENT, et al.,** | }<br>}<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, in which he seeks leave to file this lawsuit without prepayment of fees and costs. (Doc. # 2). Plaintiff's affidavit of indigency supports a finding that his motion (Doc. # 2) is due to be granted pursuant to 28 U.S.C. § 1915(a). However, for the reasons discussed below, this action is due to be dismissed without prejudice under § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

**I.      Background**

Plaintiff, Wilek Abraham Bey Emperor Asher, brings this action against the Birmingham Police Department and the State of Alabama. (Doc. # 1). The first seven pages of Plaintiff's complaint consist of this court's pre-printed complaint form that Plaintiff has filled in; the remaining thirty-five pages are attached exhibits. (*Id.*). Plaintiff does not explain the meaning or relevance of any of the exhibits. (*Id.*).

When asked to write a short and plain statement of his claims, Plaintiff provided the following description:

> Birmingham Police Departments, along with other Municipalities have been recorded participating in "GANGSTALKING," acts of attempted murder, paper genocide [*sic*], etc., with the aid of the STATE OF ALABAMA under the CHRISTIAN construct of the CHRISTIAN BLACK CODES of 1724, both state officers and municipal officers have violated my rights with use of COLOR-OF-LAW, OFFICE, and authority.

(*Id.* at 5). When prompted to identify the specific federal laws and/or constitutional provisions at issue in the case, Plaintiff listed "Article III section 2" and the Treaty of Peace and Friendship of 1836 between the United States and Morocco. (*Id.* at 3). Plaintiff seeks $9.6 million dollars in damages. (*Id.* at 4).[1]

## II.     Legal Standard

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A dismissal pursuant to section 1915(e)(2) may be issued *sua sponte* by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of

---

[1] Plaintiff has filed four other lawsuits in this district since 2018, including one against the Birmingham Police Department, all of which were dismissed for failure to state a claim under § 1915(e)(2)(B) and/or failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Asher v. Barrington Realty, et al.*, Case No. 2:20-cv-00318-RDP; *Asher v. Birmingham Police Dep't, et al.*, Case No. 2:19-cv-00887-AKK; *Asher v. Trussville Mun., et al.*, Case No. 2:18-cv-01842-AKK; *Asher v. Trussville Mun., et al.*, Case No. 2:18-cv-01127-RDP.

Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

A complaint is frivolous under § 1915(e)(2)(B)(i) if "it lacks an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." *Neitzke*, 490 U.S. at 327. Separate from its authority to dismiss for failure to state a claim, a court's power to dismiss a complaint as frivolous encompasses "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." *Id*. Further, a court may consider "a litigant's history of

3

bringing unmeritorious litigation" when analyzing the question of frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

The court recognizes that Plaintiff is appearing *pro se*, that filings by *pro se* litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

**III. Analysis**

This action is due to be dismissed under § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted.

First, Plaintiff has not alleged a sufficient basis for federal subject matter jurisdiction. To start, Plaintiff claims that this court has jurisdiction because the case involves the United States of America (or any of its agencies, officers, or employees in their official capacities) as a party. (Doc.

# 1 at 3-4). However, there is no such defendant; indeed, the only named defendants are the Birmingham Police Department and the State of Alabama. (*Id.*).

Next, Plaintiff invokes diversity jurisdiction. (*Id.* at 4). But, the court does not have diversity jurisdiction because all of the parties are Alabama citizens. Plaintiff claims to be a citizen of both Alabama and Morocco. (*Id.* at 4). Plaintiff lives at an Alabama address and thus appears to be an Alabama citizen. (*Id.* at 1-6).[2] He has not provided any information indicating that he is a citizen of Morocco. (*Id.*). Thus, Plaintiff has not plausibly alleged diversity jurisdiction.

Finally, Plaintiff contends that the court has federal question jurisdiction. Yes, when prompted to identify the specific federal laws and/or constitutional provisions at issue in the case, Plaintiff cited "Article III Section 2" of the U.S. Constitution and the Treaty of Peace and Friendship of 1836 between the United States and Morocco. (*Id.* at 3). Additionally, Plaintiff attached an exhibit titled, "The Authority for Fines (Damages) Caused by Crimes by Government Officers," which lists several alleged constitutional violations with penalties purportedly adding up to $9.25 million dollars. (*Id.* at 41). The list includes a wide range of civil and criminal offenses, from violation of oath of office, fraud, and perjury, to slavery, treason, and genocide. (*Id.*). However, Plaintiff does not provide any facts or explanation supporting how Defendants allegedly violated any of these sources of law, nor has he made any factual allegations indicating that this case arises under federal law.

In addition to failing to plausibly allege federal subject matter jurisdiction, Plaintiff's complaint also fails to satisfy the requirement under Rule 8 that all complaints must set out "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to

---

[2] Indeed, even the "Certificate of Live Birth" that Plaintiff attached to the complaint (which appears to be homemade and lists "Common Law Court" as the issuer) describes Plaintiff's place of birth as New York, New York. (Doc. # 1 at 26).

"give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). And, the complaint violates basic pleading requirements because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and indiscriminately directs each count against all Defendants without differentiating between Defendants and their conduct or specifying which Defendants are responsible for the acts or omissions alleged. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Not only is Plaintiff's complaint replete with legal conclusions and superfluous information that have no bearing on his stated causes of action, it is also devoid of either direct or indirect factual "allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Plaintiff has failed to allege sufficient facts to support his stated causes of action, and the court can discern no potentially valid legal claims anywhere in the complaint.

**IV.    Conclusion**

For the reasons explained above, Plaintiff's claims are due to be dismissed without prejudice. A separate order will be entered.

**DONE** and **ORDERED** this March 15, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE